Michael A. McGill, SBN 231613
mmcgill@adamsferrone.com
ADAMS FERRONE & FERRRONE APC
4333 Park Terrace Drive, Suite 200
Westlake Village, California 91361
Telephone: (805) 373-5900
Facsimile:  (818) 874-1382

Attorneys for Plaintiff,
JOHN HESS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HESS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DAVE HANNEMAN, individually and as Fire Chief for the City of Chula Vista; JIM SANDOVAL, individually and as City Manager for the City of Chula Vista; IRENE MOSLEY, individually and as Assistant Human Resources Director for the City of Chula Vista; CITY OF CHULA VISTA, a municipality; CHULA VISTA FIRE DEPARTMENT, an operating department; and DOES 1 THROUGH 10,<br><br>　　　　Defendants. | Case No.: 3:14-cv-02271-CAB-JMA<br><br>*Honorable Cathy Ann Bencivengo*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* #3; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint filed:　September 25, 2014<br>Trial:　　　　　　August 28, 2017<br><br>Pretrial Conference/Hearing on Motions in Limine:　April 20, 2017<br>Dept:　　4C<br>Time:　　2:00 p.m. |

## I. INTRODUCTION

This lawsuit has been brought by Plaintiff John Hess, a firefighter employed by the City of Chula Vista, who served as the President of the Chula Vista Firefighter's Association.  As President, he engaged in a multitude of protected activities and brought to light a number of safety issues and other concerns and problems within the Fire Department.  Each of the issues, concerns and problems all shared one unique component: they involved poor decisions and failures on the part of the now-fired Fire Chief (Defendant Dave Hanneman) and the former City Manager (Defendant Jim Sandoval). Naturally, these two individuals became upset and angry with Hess for his actions.  All of the things Hess brought forward eventually culminated in a vote of no confidence by the Association and an imminent international censure by the International Association of Fire Fighters against Hanneman.

Ultimately, Hanneman resigned in lieu of termination.  Sandoval resigned, likely seeing the writing on the wall.  And the new Fire Chief, Hanneman's successor, called Hanneman a "poor" chief and considered him "vengeful" and a "liar."  The new City Manager, Sandoval's successor, indicated that Hanneman was likely to be fired if he didn't resign.  Council member Patricia Aguilar testified that she had conversations with Hanneman and Sandoval, and that they were very upset with Hess for his union activities, and that they were taking his actions "very personally," and that she thought they were acting inappropriately.

As a result of Hess's protected activities, Hess was denied multiple promotions to the rank of Captain; even candidates who scored lower than Hess were promoted over him.  And to add insult to injury, the Defendants took the unusual step of removing Hess's name from the promotional list, even though that had never been done before, all in violation of their civil service rules.   The Defendants took these actions against Hess in retaliation for the exercise of his First Amendment rights.

Defendants now seek a ruling by this Court to exclude any evidence at trial regarding any "current or previous lawsuits, actions complaints or allegations ("Claims") by other individuals against Defendants." (Defendants' Mx, 1:26-28).

## II.     ARGUMENT

**Plaintiff's Protected Speech Involves Representing and Participating In Numerous Other Claims And Evidence Of Such Must Be Admitted.**

Here, the Defendants are seeking to exclude any evidence of other claims filed by individuals against the Defendants. The Plaintiff has no intention of attempting to admit as evidence other litigation and claims against the Defendants simply for purposes of showing that the City retaliates and discriminates against a whole host of individuals. However, the Plaintiff, as part of his protected speech, represented and participated with members in grievances, arbitrations and court proceedings, all of which forms the basis of his protected activities, for which he was retaliated against. This evidence is crucial to the Plaintiff's case and is relevant and its probative value is not outweighed by the danger of unfair prejudice. To the extent that the evidence is admitted for this purpose, it must be allowed.

With respect to witness Jim Garcia individually, he successfully sued the City recently. Garcia is also a key witness in this case, as he had numerous conversations with Defendant Hanneman where Hanneman expressed anger towards Hess for engaging in protected activities. Hanneman specifically told Garcia that he would not promote Hess due to his protected activities. Garcia's credibility is particularly important in this case and his testimony will be attacked on cross examination by the Defendants. Thus, it is likely that Garcia will at some point testify to his successful lawsuit, demonstrating that he too was retaliated against, in an effort to impeach or rehabilitate his testimony, when examining his credibility.

Beyond these two situations, the Plaintiff is unaware at this point of any additional claims that will be elicited at trial. However, because the Defendants have not shown that this evidence is irrelevant or unduly prejudicial, this Court should not issue an order limiting evidence at this time.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion *in limine*.

Dated: April 7, 2017                                 ADAMS FERRONE & FERRONE

                                         By:      /s/ Michael A. McGill
                                                   Michael A. McGill
                                                   Attorneys for Plaintiff,
                                                   JOHN HESS